# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REBECCA WHITNEY and     \*
RANDALL WHITNEY, parents of     \*     No. 10-809V
S.W., a minor,     \*     Special Master Moran
    \*
          Petitioners,     \*     Filed: December 1, 2015
    \*
v.     \*     Stipulation; diphtheria- tetanus
    \*     pertussis ("DTaP"); Haemophilus
    \*     influenzae type b ("Hib"); inactivated
SECRETARY OF HEALTH     \*     polio ("IPV"); pneumococcal
AND HUMAN SERVICES,     \*     conjugate ("PCV"); rotavirus
    \*     vaccines; acute disseminated
          Respondent.     \*     encephalomyelitis ("ADEM").

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Ronald C. Homer</u>, Conway, Homer & Chin-Caplan, P.C., for Petitioners;
<u>Lara A. Englund</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## <u>UNPUBLISHED DECISION</u>[1]

      On May 29, 2015, respondent filed a joint stipulation concerning the petition for compensation filed by Rebecca and Randall Whitney, on behalf on their minor child S.W., on November 22, 2010. The petitioners seek compensation for injuries allegedly related to S.W.'s receipt of the diphtheria-tetanus-pertussis ("DTaP") vaccine, Haemophilus influenzae type b ("Hib"), inactivated polio ("IPV"), pneumococcal conjugate ("PCV"), and rotavirus vaccines which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which he received on March 20, 2012, causing him to suffer acute disseminated encephalomyelitis ("ADEM"). Petitioners further allege that S.W. suffered the residual effects of this injury for more than six months. Petitioners represent that

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

After a hearing, the undersigned determined that petitioners had failed to prove that the vaccines S.W. received caused his transverse myelitis. See decision, issued May 8, 2015, 2015 WL 4537210. On review, the Court vacated that decision and remanded the case for further proceedings. Opinion and Order, 122 Fed. Cl. 297 (Fed. Cl. 2015).

After remand, the respondent maintains that the vaccines did not cause S.W.'s transverse myelitis or any other injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto as "Appendix A." The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. **A lump sum of $150,000.00 in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of S. W. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/ conservator(s) of S.W.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

b. **A lump sum payment of $10,971.12, which amount represents reimbursement of a lien for services rendered on behalf of S.W., in the form of a check payable jointly to petitioners and**

> **State of Michigan**
> **State of Michigan Estate Recovery Program**
> **P.O. Box 30053**
> **Lansing, MI 48909**
> **Medicaid ID # 0038991786**

**Petitioners agree to endorse this check to the State of Michigan.**

c. **An amount sufficient to purchase the annuity contract described in paragraph 12 of the stipulation paid to the life insurance company from which the annuity will be purchased.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 10-809V according to this decision and the attached stipulation.[2]  The Clerk's Office is further instructed to provide this decision to the Court.  Vaccine Rule 28.1(a).

Any questions may be directed to my law clerk, Shannon Proctor, at (202) 357-6360.

**IT IS SO ORDERED.**

<u>s/ Christian J. Moran</u>
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.